UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JUSTIN M. SMITH,

                Plaintiff,

                                                                                      5:09-CV-0273

v.                                                                                 (GTS/GHL)

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                Defendant.
_____

APPEARANCES:                                            OF COUNSEL:

OLINSKY & SHURTLIFF LLC                  HOWARD D. OLINSKY, ESQ.
  Counsel for Plaintiff
300 South State Street, 5th Floor
Syracuse, New York 13202

HON. RICHARD S. HARTUNIAN           SANDRA M. GROSSFELD, ESQ.
United States Attorney for the N.D.N.Y.     Special Assistant U.S. Attorney
  Counsel for Defendant
100 South Clinton Street
Syracuse, New York 13260

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court in this action, filed by Justin M. Smith ("Plaintiff") against Social Security Commissioner Michael J. Astrue ("Defendant") pursuant to 42 U.S.C. § 405(g) seeking Social Security benefits, are the following: (1) the Report-Recommendation of United States Magistrate Judge George H. Lowe, issued pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c) of the Local Rules of Practice for this Court, recommending that Defendant's decision denying Social Security benefits to Plaintiff be affirmed and that Plaintiff's Complaint be dismissed; (2) Plaintiff's Objections to the Report-Recommendation; and (3) Defendant's

Response to Plaintiff's Objections. (Dkt. Nos. 14, 15, 17.) For the reasons set forth below, Plaintiff's Objections are rejected, Magistrate Judge Lowe's Report-Recommendation is accepted and adopted in its entirety, and Plaintiff's Complaint is dismissed.

## I.  RELEVANT BACKGROUND

### A.  Procedural History

Because neither party has objected to the to Part I of Magistrate Judge Lowe's Report-Recommendation, setting forth the procedural background of this action, the Court adopts that part's description of this action's procedural background. (*See generally* Dkt. No. 14, at 1-2.)

On December 20, 2005, Plaintiff protectively applied for supplemental security income ("SSI"). (*See* Administrative Transcript ["T."] 16, 70-71.)[1] On May 18, 2006, his application was denied by the Social Security Administration. (T. 59.) On June 3, 2008, a hearing was held before an Administrative Law Judge ("ALJ") of the Social Security Administration.[2]

In his decision, the ALJ applied the five-step sequential evaluation process for determining whether an individual is disabled,[3] and concluded that Plaintiff was not disabled.

---

[1]  "To be eligible for disability insurance benefits, a claimant must establish an 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Dixie v. Comm'r of Soc. Sec.*, 05-CV-0345, 2008 WL 2433705 at *7 (N.D.N.Y. June 12, 2008) (Mordue, J.) (citation omitted).

[2]  As noted by Magistrate Judge Lowe in his Report-Recommendation, it is unclear why more than two years lapsed from the time Plaintiff was initially denied benefits to the date the hearing was held. (Dkt. No. 14, at 2, n.2.)

[3]  "In the first step, the ALJ determines whether the claimant has engaged in 'substantial gainful activity' since the alleged onset of the disability." *Doyle v. Astrue*, 08-CV-0641, 2009 WL 4893641, at *2 (N.D.N.Y. Dec. 15, 2009) (McAvoy, J.) (citing 20 C.F.R. § 404.1520[a][4][i]). "If not, the next inquiry is whether the claimant suffers from a medically determinable 'severe' impairment established by medical evidence including signs, symptoms and laboratory findings." *Doyle*, 2009 WL 4893641, at *2 (citing 20 C.F.R. at §

(Dkt. No. 14.) More specifically, in reaching this conclusion, the ALJ made the following findings: (1) Plaintiff had never before engaged in substantial gainful activity; (2) Plaintiff's "venous insufficiency secondary to deep venous thrombosis and cosinophilic granuloma" were severe impairments; (3) however, Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment; (4) Plaintiff had the Residual Functional Capacity ("RFC") to perform medium work, with the only limitation being that he should avoid concentrated exposure to fumes, dusts, odors, and gasses; and (5) although Plaintiff had no past relevant work history, considering his age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that he could perform. (*Id*.)

Plaintiff appealed from the ALJ's decision to the Social Security Administration's Appeals Council. (T. 11-12.) On January 30, 2009, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of Defendant. (T 5-7.) On March 9, 2009, Plaintiff commenced this action in federal court. (Dkt. No. 1.)

---

404.1520[a][4][ii], § 404.1528). "Severity is defined as significantly limiting an individual's physical or mental ability to do basic work activities." *Id*. (citing 20 C.F.R. at § 404.1521[a]). "Should the claimant be suffering from a medically determinable severe impairment, the third step is to determine whether the impairment is listed, or is equal to any listing, in Appendix I, which specifies over 100 medical conditions that would prevent an individual from performing 'substantial gainful activity.'" *Id*. (citing 20 C.F.R. at §§ 404.1520[a][4][iii], 404.1525[a]). "If so, the individual is considered 'disabled' under the Act and the inquiry ends. *Id*. (citation omitted). "If not, the inquiry continues to the last two steps to determine whether the claimant has the [Residual Functional Capacity or "RFC"] to perform any past relevant work or other jobs that exist in the national economy, considering the claimant's age, education and work experience." *Id*. (citing 20 C.F.R. at § 404.1520[a][4][iv][v]; *Berry v. Schweiker*, 675 F.2d 464, 467 [2d Cir. 1982]).

Generally, in his brief in support of his Complaint, Plaintiff asserts the following four arguments: (1) the ALJ erred when he failed to find that Plaintiff's bipolar disorder was a severe impairment (Dkt. No. 12 at 12-13); (2) the ALJ failed to apply the appropriate legal standards when evaluating Plaintiff's RFC (*id*. at 13-16); (3) the ALJ failed to apply the appropriate legal standards when evaluating Plaintiff's credibility (*id*. at 16-18); and (4) the ALJ erred when he failed to consult a vocational expert (*id*. at 18-19). Generally, in his brief in response to Plaintiff's brief, Defendant disagrees with each of these four arguments, and argues that the decision finding Plaintiff not disabled should be affirmed. (Dkt. No. 13.)

### B.     Magistrate Judge Lowe's Report-Recommendation

On June 4, 2010, Magistrate Judge Lowe issued a Report-Recommendation recommending that Defendant's decision denying Social Security benefits be affirmed and the Complaint be dismissed on the following grounds: (1) the ALJ's finding that Plaintiff's bipolar disorder was a non-severe impairment was supported by substantial evidence; (2) the ALJ's RFC finding was supported by substantial evidence; (3) the ALJ's analysis of Plaintiff's credibility was supported by substantial evidence; and (4) contrary to Plaintiff's arguments, the Grids support a finding that Plaintiff is not disabled. (Dkt. No. 14.)

### C.     Plaintiff's Objections to the Report-Recommendation

On June 16, 2010, Plaintiff timely filed his Objections to the Report-Recommendation. (Dkt. No. 15.) Generally, in his Objections, Plaintiff argues that the Court should reject the Report-Recommendation for the following reasons: (1) the ALJ erred when he found no severe mental impairments; (2) the ALJ did not apply the appropriate legal standards in evaluating Plaintiff's RFC; (3) the credibility assessment was the product of legal error and factual

misstatements, and was therefore unsupported by substantial evidence; and (4) Defendant did not meet his burden at Step 5 because the ALJ failed to consult a vocational expert. (Dkt. No. 15.) On June 30, 2010, Defendant filed his Response to Plaintiff's Objections. (Dkt. No. 17.)

## II.   APPLICABLE LEGAL STANDARDS

### A.   Standard of Review of Magistrate Judge Lowe's Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[4] When only general objections are made to a magistrate judge's report-recommendation, or where the objecting party merely reiterates the same arguments taken in its original papers submitted to the magistrate judge, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[5]

---

[4]   On de novo review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[5]   *See also Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. County of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue,

Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Standard Governing Judicial Review of Defendant's Decision

In Part II.B. of his Report-Recommendation, Magistrate Judge Lowe correctly recited the legal standard governing judicial review of Defendant's decision. (Dkt. No. 14, at 4-5.) As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

### III. ANALYSIS

As an initial matter, even when construed with the utmost of liberality, Plaintiff's Objections fail to specifically address Magistrate Judge Lowe's recommendations. Instead, Plaintiff's Objections simply reiterate his arguments, presented in his papers submitted to Magistrate Judge Lowe, as to why the ALJ's findings and conclusions were in error. For the reasons explained above in Part II.A. of this Decision and Order, the Court need review the Report-Recommendation only for clear error.

After carefully reviewing all of the papers in this action, including Magistrate Judge Lowe's Report-Recommendation, the Court concludes that Magistrate Judge Lowe's thorough Report-Recommendation is correct in all respects. Magistrate Judge Lowe employed the proper

---

C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id*.) As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein.

The Court would add only three points. First, Magistrate Judge Lowe's Report-Recommendation would survive even a *de novo* review.

Second, even assuming that a claimant's inability to afford prescribed medication is not, by itself, grounds for denying a claim based on a failure to take prescribed medications, Magistrate Judge Lowe did not cite Plaintiff's failure to take prescribed medication as his sole reason for affirming the ALJ's finding that Plaintiff's bipolar disorder was not a severe mental impairment. Rather, Magistrate Judge Lowe also cited the following reasons, to which Plaintiff offered no specific objections: (1) the findings of Dr. Noia, the examining psychologist, who indicated that there was no Axis I or Axis II diagnosis, and that Plaintiff was capable of performing basic mental work activities; (2) the opinion of a state agency review physician that Plaintiff was not significantly limited in any mental activity required to sustain a normal workday or work-week, and that his affective disorder was non-severe; and (3) the fact that Plaintiff's testimony at his hearing regarding his bipolar disorder was not totally credible. (Dkt. No. 14.)

Third, Plaintiff's argument that Magistrate Judge Lowe made "unwarranted assumptions" in reviewing the ALJ's credibility assessment is without merit. Magistrate Judge Lowe carefully recited the many reasons denoted by the ALJ for determining that Plaintiff was not totally credible. Moreover, Plaintiff's dissatisfaction with Magistrate Judge Lowe's commentary regarding the potential reason for Plaintiff limiting his walking activity does not change the fact that the ALJ's credibility determination was supported by substantial evidence.

ACCORDINGLY, it is

ORDERED that Magistrate Judge Lowe's Report-Recommendation (Dkt. No. 14) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

ORDERED that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: January 11, 2011
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge